IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COMPUCOM SYSTEMS, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3625-L** |
| | § | |
| **WJ GLOBAL, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff CompuCom's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6), filed October 8, 2014; and Plaintiff's Motion for Leave to File Under Seal Appendix to Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7), filed October 8, 2014. Plaintiff CompuCom Systems, Inc. ("Plaintiff") filed this action against Defendant WJ Global, LLC for breach of contract and seeks a declaratory judgment, specific performance, and contractual or equitable accounting. Plaintiff also seeks an *ex parte* temporary restraining order and preliminary injunction.

For the reasons herein explained, the court **grants** Plaintiff's Motion for Leave to File Under Seal Appendix to Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) and **denies without prejudice** Plaintiff CompuCom's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6).

**I.      Motion for Leave to File Under Seal**

The court **grants** Plaintiff's Motion for Leave to File Under Seal Appendix to Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) and directs the clerk of the court to file and maintain **under seal** the Appendix to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7).

**II.     Application for Ex Parte TRO and Preliminary Injunction**

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction. Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). "The decision to grant

**Memorandum Opinion and Order - Page 2**

or deny a preliminary injunction is discretionary with the district court." *Mississippi Power & Light Co.*, 760 F.2d at 621.

A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.). The purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Any TRO, therefore, is a temporary measure to protect rights until a hearing can be held.

As previously noted, Plaintiff seeks an *ex parte* TRO. Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Thus, a TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard. *Id.*

**III. Discussion**

After carefully reviewing Plaintiff's Complaint, motion for injunctive relief, and evidence, the court concludes that Plaintiff has made a sufficient showing to satisfy the requirements for a TRO. Plaintiff acknowledges that Rule 65(b)(1) applies to its request for an *ex parte* TROs and has made a clear showing that immediate and irreparable injury will result if a TRO is not entered to protect the status quo. Plaintiff, however, has not provided a written certification by its attorney

**Memorandum Opinion and Order - Page 3**

regarding the efforts, if any, made to give notice to Defendant and the reasons why it should not be required to do so. Plaintiff, instead, merely asserts in its motion that "[p]roviding notice of the motion would only permit WJ Global to do that which will cause CompuCom the irreparable harm sought to be avoided—contact clients and file liens, either of which is calculated to injure CompuCom's goodwill and business relationship with its clients." Pl.'s Mot. 4. Plaintiff's assertion in this regard is insufficient to satisfy Rule 65(b)(1)(B)'s requirement that its "attorney certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Accordingly, Plaintiff has not satisfied both requirements for the issuance of *ex parte* TRO under Rule 65(b)(1).

IV. **Conclusion**

For the reasons stated, the court **grants** Plaintiff's Motion for Leave to File Under Seal Appendix to Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) and directs the clerk of the court to file and maintain **under seal** the Appendix to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7). The court concludes, however, that Plaintiff has not satisfied both requirements for an *ex parte* TRO under Federal Rule of Civil Procedure Rule 65(b)(1). Accordingly, the court **denies without prejudice** Plaintiff CompuCom's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6).

**It is so ordered** this 8th day of October, 2014.

                                                Sam A. Lindsay
                                                United States District Judge