UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COMPUCOM SYSTEMS, INC.,** § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-3625-L (BF) |
| **WJ GLOBAL, LLC,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is CompuCom Systems, Inc.'s ("Plaintiff") Motion for Entry of Default Judgment [ECF No. 47]. This motion has been referred to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. *See* Order of Reference [ECF No. 49]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT in part and DENY in part** the Motion for Entry of Default Judgment [ECF No. 47].

**BACKGROUND**

Plaintiff is a service provider in the information technology ("IT") industry. *See* Original Compl. [ECF No. 1 at 1]. Plaintiff entered into a Subcontractor Master Agreement with WJ Global, LLC ("Defendant") under which Defendant was to provide IT-related installation services on Plaintiff's projects. *See id.* [ECF No. 1 at 3]; Subcontractor Master Agreement [ECF No. 7-2 at 14-30]. Plaintiff contends that Defendant failed to pay its own subcontractors which caused liens to be filed against Plaintiff's clients' properties. *See* Original Compl. [ECF No. 1 at 6-9]. Plaintiff contends that Defendant's conduct damaged Plaintiff's business relationships and goodwill with its customers. *See id.* [ECF No. 1 at 9].

On October 8, 2014, Plaintiff filed this action against Defendant alleging breach of contract and seeking a declaratory judgment and a contractual and/or equitable accounting. *See id.* [ECF No.

1 at 15-19]. Plaintiff asked the Court for an order requiring Defendant to cooperate and provide all required information relating to Defendant's subcontractors that provided work on Plaintiff's projects since May of 2013. *See id.* [ECF No. 1 at 15-16]. Additionally, Plaintiff asked for a declaration from the Court stating that: (1) Plaintiff is entitled to inspect and obtain Defendant's records on any of the relevant projects; (2) Plaintiff is entitled to withhold further payments to Defendant and use those funds to set off the amounts Plaintiff has to pay to Defendant's subcontractors and amounts reasonably incurred due to Defendant's failure to pay its subcontractors, including necessary attorneys' fees and costs; (3) Plaintiff may directly pay Defendant's subcontractors in order to prevent the filing of liens against Plaintiff's clients' properties; (4) Plaintiff and its clients are entitled to indemnity from Defendant for the demands of Defendant's subcontractors; and (5) Defendant's failure to pay its subcontractors is a material breach of the Subcontractor Master Agreement. *See id.* [ECF No. 1 at 16-18]. Plaintiff further requested a temporary restraining order and a preliminary injunction which were granted by the District Court. *See id.* [ECF No. 1 at 19-21]; *See* Orders [ECF Nos. 13 & 25].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 55 (b)(2) governs the entry of default judgments by courts. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served and default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No.

3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing 50 U.S.C. § 3931; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)); *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M (BN), 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Arch Ins. Co.*, 2013 WL 145502, at *2). In addition, the plaintiff must make a *prima facie* showing of jurisdiction. *See TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit generally does not favor default judgments. *Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, this position is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936. In determining whether or not to enter a default judgment, district courts consider the following: (1) material issues of fact at issue; (2) substantial prejudice; (3) clearly established grounds for default; (4) excusable neglect or good faith mistake; (5) harshness of a default judgment; and (6) whether the court would set aside the default judgment upon motion. *See id.* at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should resolve any doubts as to the propriety of a default judgment in favor of the defendant. *See id.*

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not required to admit conclusions of law or facts that are not

well-pleaded. *See id.* (quoting *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206). Rule 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Wooten*, 788 F.3d at 498 (internal quotation marks and citation omitted). However, "[t]he factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks and citation omitted).

A default judgment does not establish the damages amount. *Crawford v. Lee*, No. 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011) (citing *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971); *G&C Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). It is Plaintiff's "burden to provide an evidentiary basis for the damages it seeks." *Halff Assocs., Inc. v. Warner Pac. Props. LLC*, No. 3:08-CV-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). "Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). However, an evidentiary hearing is not required where the claimed damages are liquidated and are ascertainable from the filings or otherwise can be calculated mathematically. *See id.* (citing *James*, 6 F.3d at 310; *Crawford*, 2011 WL 2115824, at *4).

## **ANALYSIS**

The undersigned finds that the prerequisites for entering a default judgment are satisfied. First, as a limited liability company, Defendant is not a minor or an incompetent person, nor can it be in military service. *See* FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931. Second, while Defendant filed

a letter to the District Court on October 31, 2014, explaining, among other things, the status of the production ordered by the District Court, Defendant failed to file anything else in the case which contests the facts presented in Plaintiff's Complaint. *See* Letter [ECF No. 30 at 1-2]; *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact[.]"). Third, Defendant's "failure to respond . . . threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey*, 161 F.3d at 893). Fourth, there is no evidence before the Court showing that the default was caused by "a good faith mistake or excusable neglect." *Arch Ins. Co.*, 2013 WL 145502, at *3. In fact, because "Defendant [] advised [Plaintiff] verbally and in writing that it does not intend to file an answer or otherwise defend in this lawsuit[,]" the District Court directed "Plaintiff to move for entry of default and default judgment[.]" *See* Order [ECF No. 44 at 1]. Further, at the time of the filing of Plaintiff's Motion for Entry of Default Judgment, Defendant had over a year to answer, which mitigates the harshness of a default judgment. *See Arch Ins. Co.*, 2013 WL 145502, at *3; Original Compl. [ECF No. 1]; Mot. for Entry of Default J. [ECF No. 47]. Fifth, Plaintiff's Complaint seeks relief that it is contractually entitled to under the Subcontractor Master Agreement, and the undersigned is not aware of any applicable defenses. *See Arch Ins. Co.*, 2013 WL 145502, at *3 (citation omitted); Original Compl. [ECF No. 1 at 15-19]. Sixth, based on the facts before the Court, there is no "good cause" for which it would be obligated to set aside the default if later challenged by Defendant. *See Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey*, 161 F.3d at 893; *CJC Holdings v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). Seventh, the grounds for default judgment are clearly established. *See* Mot. for Entry of Default J. [ECF No. 47]. Eighth, Plaintiff has made a *prima facie* showing of jurisdiction which has

not been disputed by Defendant. *See* Original Compl. [ECF No. 1]; *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *3; *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Thomas v. Chesapeake Energy Corp.*, No. 9:13-CV-201, 2013 WL 5273778, at *2 (E.D. Tex. Sept. 17, 2013).

Plaintiff's Complaint alleges a breach of the parties' Subcontractor Master Agreement. *See* Original Compl. [ECF No. 1 at 3]. Under Texas law, the elements of a breach of contract claim are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Arch Ins. Co.*, 2013 WL 145502, at *4 (quoting *Crowder v. Scheirmann*, 186 S.W.3d 116, 118-19 (Tex. App.-Houston [1st Dist.] 2005, no pet.)). Here, Plaintiff alleges that it entered into a Subcontractor Master Agreement with Defendant with an effective date of May 30, 2013 under which Defendant was to provide IT-related installation services on Plaintiff's projects. *See* Original Compl. [ECF No. 1 at 3]. Plaintiff points out that the Subcontractor Master Agreement includes a provision wherein Defendant agreed to indemnify Plaintiff from, among other things, Defendant's failure to perform. *See id.* [ECF No. 1 at 3]. Plaintiff also points to a provision in the Subcontractor Master Agreement that gives Plaintiff the right to request and receive certain information from Defendant. *See id.* [ECF No. 1 at 3]. Plaintiff contends that it engaged Defendant in a number of projects involving hundreds, if not thousands of clients and end customer sites, pursuant to the Subcontractor Master Agreement. *See* Mot. for Entry of Default J. [ECF No. 47 at 5]; Original Compl. [ECF No. 1 at 5]. In addition, Plaintiff contends that it paid Defendant approximately $2,146,932.82 since the second half of 2013, and that since August 1, 2014, Plaintiff paid Defendant approximately $676,370.53. *See* Original Compl. [ECF No. 1 at 6, 19].

Plaintiff contends that, beginning in September of 2014, Defendant failed to pay a number of its subcontractors. *See id.* [ECF No. 1 at 6-13]. Plaintiff states that it requested Defendant to obtain releases of the liens caused by Defendant's conduct and that it invoked its right to indemnity under the parties' Subcontractor Master Agreement. *See id.* [ECF No. 1 at 13]. However, Plaintiff contends that Defendant failed to resolve any of the lien issues or indemnify Plaintiff. *See id.* [ECF No. 1 at 13, 19]. Plaintiff contends that it was informed by Defendant that Defendant was taking a loss on their business dealings and that Defendant would not be making any further payments to its subcontractors. *See id.* [ECF No. 1 at 13]. In addition, Plaintiff contends that Defendant refused to timely provide information relating to its subcontractors. *See id.* [ECF No. 1 at 19]. In its Motion for Entry of Default Judgment, Plaintiff contends that it has suffered recoverable damages of $668,803.58, which is comprised of $207,374.28 paid out to resolve prior claims for liens against Plaintiff's clients, $510,204.29 in accounts still outstanding, $260,237.64 for attorneys' fees and costs, but minus $309,012.63 withheld by Plaintiff from its payments to Defendant. *See* Mot. for Entry of Default J. [ECF No. 47 at 8].Taking these allegations as true, Plaintiff has satisfied the elements of a breach of contract claim. *See Arch Ins. Co.*, 2013 WL 145502, at *4. Plaintiff's losses are itemized and capable of mathematical calculation. *See* Mot. for Entry of Default J. [ECF No. 47 at 8]; Ex. A [ECF No. 48-2 at 4-7]. Therefore, Plaintiff's losses from Defendant's conduct can be ascertained without a hearing. *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (evidentiary hearing on damages unnecessary where affidavit and supporting documents demonstrated amount owed to the plaintiff).

Plaintiff seeks attorneys' fees and expenses under Section 15.11 of the Subcontractor Master Agreement which provides that the prevailing party is entitled to "attorneys' fees and related costs

7

and expenses." Mot. for Entry of Default J. [ECF No. 47 at 9]; Subcontractor Master Agreement [ECF No. 7-2 at 20]. Plaintiff submits in support of its fee request, the fee invoices and the declaration of attorney Carl C. Scherz with the law firm of Locke Lord, LLP. *See* Ex. B [ECF No. 48-2 at 9-13]; Ex. B-1 [ECF No. 48-2 at 15-59]. However, Plaintiff's Motion for Entry of Default Judgment does not provide any analysis regarding the reasonableness of the requested fees and expenses under the applicable law. *See* Mot. for Entry of Default J. [ECF No. 47 at 9-10]. The Subcontractor Master Agreement includes a forum selection clause which states that "the rights of the Parties will be governed by, the substantive laws of the State of Texas . . . ." *See* Subcontractor Master Agreement [ECF No. 7-2 at 20]. Therefore, the undersigned recommends that the District Court defer its ruling on Plaintiff's request for attorneys' fee and expenses until after Plaintiff submits supplemental briefing establishing the reasonableness of the fees and expenses requested. *See* Order [ECF No. 54; No. 3:14-CV-2589-M (BN)] (ordering movant to "file a supplement to its Motion for Default Judgment that establishes the amount of the reasonable and necessary attorneys' fees and costs that [movant] has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(8) and under the Deed of Trust and the Note at issue").

As previously discussed, in addition to damages, Plaintiff seeks a declaration from the District Court setting forth Plaintiff's rights based on Defendant's breach of the Subcontractor Master Agreement. *See* Original Compl. [ECF No. 1 at 16-17]. Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act [] because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Rhodes v. Prince,* No.

3:05-CV-2343-D, 2006 WL 954023, at *4 (N.D. Tex. April 11, 2006); *Self-Ins. Inst. of Am. v. Korioth,* 53 F.3d 694, 697 (5th Cir. 1995); *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988)). The federal Declaratory Judgment Act "allows a federal court to declare the rights and legal relations of any interested party." *Hurd* v. *BAC Home Loan Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) (citing *Wilkerson v. Citimortgage, Inc.*, No. 3:11-CV-1393-O (BK), 2011 WL 6937382, at *9 (N.D. Tex. Oct. 24, 2011)); 28 U.S.C. § 2201. "[D]istrict courts have broad discretion in deciding whether declaratory relief is appropriate." *Falk*, 2011 WL 3702666, at *4. However, "[o]ften, courts will decline to grant declaratory relief where a remedy-at-law is available." *Id.* (citing *Sherwin-Williams v. Holmes Co.*, 343 F.3d 383 (5th Cir. 2003)).

A plaintiff seeking declaratory relief must allege a "substantial and continuing" controversy. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and internal quotation marks omitted); *see also Hill v. BAC Home Loans Servicing, LP*, No. 3:13-CV-3044-L (BN), 2014 WL 2117455, at *5 (N.D. Tex. May 6, 2014).

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. . . . Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. . . . The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. . . . Additionally, the continuing controversy may not be conjectural, hypothetical, or continent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

*Bauer*, 341 F.3d at 358 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)).

Plaintiff's Complaint, which was filed on October 8, 2014, fails to allege "facts from which the continuation of the dispute may be reasonably inferred." *Bauer*, 341 F.3d at 358; Original Compl.

9

[ECF No. 1]. In addition, because Defendant's October 31, 2014 letter to the District Court stated that Defendant ceased its daily operations, and because Defendant terminated its contract with Plaintiff on October 9, 2014, the parties are not likely to have continuing business disputes. *See* Letter [ECF No. 30 at 1-2]; Email [ECF No. 12 at 4]. Further, the damages Plaintiff has sustained from Defendant's breach of the parties' contract are ascertainable. *See* Mot. for Entry of Default J. [ECF No. 47 at 8-9]. Therefore, the undersigned recommends that the District Court deny Plaintiff's request for a declaration stating that: (1) Plaintiff is entitled to inspect and obtain Defendant's records on any of the relevant projects; (2) Plaintiff is entitled to withhold further payments to Defendant and use those funds to set off the amounts Plaintiff has to pay to Defendant's subcontractors and amounts reasonably incurred due to Defendant's failure to pay its subcontractors, including necessary attorneys' fees and costs; (3) Plaintiff may directly pay Defendant's subcontractors in order to prevent the filing of liens against Plaintiff's clients' properties; (4) Plaintiff and its clients are entitled to indemnity from Defendant for the demands of Defendant's subcontractors; and (5) Defendant's failure to pay its subcontractors is a material breach of the Subcontractor Master Agreement. *See* Original Compl. [ECF No. 1 at 16-18].

With respect to Plaintiff's request for an accounting of Defendant's records, the District Court, on October 23, 2014, ordered Defendant to provide Plaintiff an accounting of the status of its accounts for all subcontractors that Defendant used on any of Plaintiff's projects. *See id.* [ECF No. 1 at 18]; Order Granting Prelim. Inj. [ECF No. 25 at 4]. In addition, Defendant's October 31, 2014 letter to the District Court stated that it expected to give Plaintiff "all of the information that is subject to the Court's orders" by the time the District Court received Defendant's letter. *See* Letter [ECF No. 30 at 2]. While Plaintiff filed a reply on November 5, 2014 stating that Defendant's

10

production was inadequate, the parties subsequently continued the hearing on Plaintiff's motion for civil contempt, and on March 2, 2015, the District Court denied without prejudice Plaintiff's contempt motion, because Plaintiff informed the District Court in January of 2015 that it was still reviewing Defendant's production. *See* Reply [ECF No. 31]; Order [ECF No. 38]. To the extent that Plaintiff's request for an accounting has not been rendered moot by Defendant's production, the undersigned recommends that the District Court enforce Plaintiff's right in accordance with Sections 14.2 and 14.5 of the parties' Subcontractor Master Agreement and the District Court's prior Orders. *See* Subcontractor Master Agreement [ECF No. 7-2 at 18-19]; Orders [ECF Nos. 13 & 25].

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT in part and DENY in part** Plaintiff's Motion for Entry of Default Judgment [ECF No. 47]. The undersigned recommends that the District Court grant the relief requested in this motion except for the damages amount and request for declaratory relief. The undersigned recommends that the District Court deny the motion with respect to the declaratory relief and defer its ruling on the amount of damages until after Plaintiff submits supplemental briefing establishing the reasonableness of its requested fees.

**SO RECOMMENDED**, this 21st day of June, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).